1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT SEATTLE
10
VINES OF ARGENTINA, LLC., and
VINOTOURISM ARGENTINA SRL,

CASE NO. 2:22-cv-1619

11
                                    Plaintiffs,

ORDER DENYING
DEFENDANTS' MOTION FOR
FEES AND COSTS

12
              v.
13
BBI ARGENTINA, NADIA BINESH,
14
and FRANCISCO EVANGELISTA,
15
                                    Defendants.
16
17
18
## INTRODUCTION
19
        This matter comes before the Court on Defendants BBI Argentina and Nadia Binesh's
20
Motion for Fees and Costs (Dkt. No. 41). Having reviewed the Motion, Plaintiff Vines of
21
Argentina, LLC's Opposition (Dkt. No. 45), the Reply (Dkt. No. 46), and all supporting
22
materials, the Court DENIES the Motion.
23
24

ORDER DENYING DEFENDANTS' MOTION FOR FEES AND COSTS - 1

**BACKGROUND**

Vines filed this action alleging (1) trade secret misappropriation under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. ¶ 1836, and Washington's Uniform Trade Secrets Act ("UTSA"), RCW 19.108.010 et seq., against all Defendants; (2) false designation of origin under 15 U.S.C. § 1125(a) against BBI Argentina and Nadia Binesh; and (3) breach of contract against Defendant Evangelista. (Compl. (Dkt. No. 1) at 8–11.) Vines spent the better part of two years attempting to effectuate service upon all of the international Defendants, (see Order Granting Alternative Service (Dkt. No. 15), and eventually dismissed all claims against Defendant Evangelista, (see Dkt. No. 26). On March 31, 2025, the Court granted the remaining Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. No. 39.) The Court concluded that it lacked jurisdiction over both BBI Argentina, an Argentinian company, and Nadia Binesh, a Canadian resident, because neither Defendant had expressly aimed their advertising emails at Washington or the United States nor could Vines show that they suffered harm in the forum. (See generally Id.)

Defendants then filed this motion seeking $48,252.43 in attorneys' fees and costs under RCW 4.28.185(5), Washington's long-arm statute. (See generally Mot.)

**ANALYSIS**

RCW 4.28.185(5) provides as follows:

In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

The statute "authorizes an award of attorney fees when a foreign defendant prevails on jurisdictional grounds." Scott Fetzer Co. v. Weeks, 114 Wn.2d 109, 112 (1990). "Whether to grant or deny a request for attorneys' fees under this provision is wholly within the discretion of

1  the trial court." <u>HDT Bio Corp. v. Emcure Pharms., Ltd.</u>, No. C22-0334JLR, 2024 WL 553699,

2  at *1 (W.D. Wash. Feb. 12, 2024) (citations omitted).

3          When determining whether attorneys' fees under the statute are warranted, courts in this

4  district typically look at two factors. First, courts will assess whether the lawsuit was brought for

5  the purposes of harassment because "[o]ne of RCW 4.28.185(5)'s purposes is to deter plaintiffs

6  from harassing foreign defendants." <u>Id.</u>; <u>see also</u> <u>Lion Fisheries LLC v. A1 Transmission &</u>

7  <u>Marine, Inc.</u>, No. C23-0984-JCC, 2023 WL 8188674, at *1 (W.D. Wash. Nov. 27, 2023)

8  (denying fees after finding harassment was "not present in the instant case"); <u>Hannon v.</u>

9  <u>Versteeg</u>, No. 2:20-CV-00136-RAJ, 2022 WL 2073029, at *2 (W.D. Wash. June 8, 2022)

10  (denying fees after finding "that the instant action seeking wages is neither frivolous nor brought

11  to harass.") (cleaned up). Second, courts assess whether Defendants would have "incurred fees to

12  defend against the merits of the lawsuit regardless of where the lawsuit was filed." <u>Hannon</u>, 2022

13  WL 2073029, at *2 (quoting <u>O.B. Williams Co. v. S.A. Bendheim W., Inc.</u>, No. C08-1155JLR,

14  2010 WL 3430404, at *3 (W.D. Wash. Aug. 30, 2010).) This is because under Washington law

15  "any award under RCW 4.28.185(5) is limited to the amount necessary to compensate a foreign

16  defendant for the added costs of litigating in Washington." <u>W. Consultants, Inc. v. Davis</u>, 177

17  Wn.App. 33, 43 (2013). Specifically, "a prevailing defendant should not recover more than an

18  amount necessary to compensate him for the added litigative burdens resulting from the

19  plaintiff's use of the long-arm statute." <u>Fetzer</u>, 114 Wn.2d at 120.

20          The Court declines to exercise its discretion to award Defendants' attorneys' fees and

21  costs for two reasons.

22          First, Plaintiff points out that there is no contention that the lawsuit was brought to harass

23  or in bad faith. (Resp. at 6.) The Court agrees. Defendants argue that because Vines was on

24

notice of the jurisdictional flaw in their complaint and were given the opportunity to settle, the Court should conclude that the lawsuit was brought to harass the foreign Defendants. (See Mot. at 3.) Defendants' argument relies primarily on F/V Pegasus Fisheries Inc. v. Koam Dev. Co., USA LLC, where the court invited a fee petition upon finding that plaintiff's interpretation of the underlying law was "not reasonable," and that defendant had "notified [plaintiff] that the Court lacked personal jurisdiction, and encouraged [plaintiff] to settle, but [plaintiff] declined to do so." No. C15-0560-JCC, 2015 WL 10354781, at *4 (W.D. Wash. Aug. 18, 2015). But unlike in F/V Pegasus, there is no allegation here that Vines' underlying legal arguments were unreasonable or brought for the purposes of harassment. (See Opp. at 6.) Furthermore, although Vines was incorrect regarding personal jurisdiction, their jurisdictional argument was at least colorable and supported through evidence (e.g., a copy of an email sent by Defendants which was received by a resident of Washington.) See F/V Pegasus 2015 WL 10354781, at *4 (granting motion to dismiss for lack of personal jurisdiction after determining that "[p]laintiff has put forth no evidence" to show a prima facie case for personal jurisdiction).)

Second, Vines argues that Defendants "fail to establish that they incurred any additional fees" defending against the state law trade secret claim. (Mot. at 7.) The Court agrees. HDT Bio Corp. is instructive. There, the court declined to provide fees under Washington's long-arm statute when the defendant brought both federal and state law trade secret claims on the basis that those claims would have been "considered . . . together" and thus plaintiff was unable to "identify a single dollar it spent solely as a result of" plaintiff's state law claim. 2015 WL 10354781, at *4 (emphasis added). Here, too, Vines does not claim that any of the fees at issue were a result of litigating in Washington or litigating issues of state law. Because Vines' DTSA and UTSA claims would have been analyzed together, see Traverse Therapy Servs., PLLC v.

1  Sadler-Bridges Wellness Grp., PLLC, No. 2:23-CV-1239, 2024 WL 381180, at *3 (W.D. Wash.

2  Feb. 1, 2024), it follows that Defendants would have incurred the same fees regardless of where

3  the lawsuit was filed. Furthermore, there were no remaining unique claims sounding in state law

4  at the time Defendants moved to dismiss because by that time Vines had dropped its breach of

5  contract claim against Evangelista.

6                                    **CONCLUSION**

7          The Court concludes that Defendants are not entitled to attorneys' fees under the long-

8  arm statute because Vines' lawsuit was not filed for the purposes of harassment and Defendants

9  incurred no additional fees as a result of Vines' UTSA claim. Accordingly, the Court DENIES

10  Defendants' Motion for Fees and Costs.

11          The clerk is ordered to provide copies of this order to all counsel.

12          Dated June 5, 2025.

13

14                                              Marsha J. Pechman
                                                United States Senior District Judge
15

16

17

18

19

20

21

22

23

24

ORDER DENYING DEFENDANTS' MOTION FOR FEES AND COSTS - 5